UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          15 CV 9824
----------------------------------------------------------X
JORDAN PICKENS,

    Plaintiff(s),
                  **COMPLAINT &**
 v.                **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
SIMON LAINE, Shield # 1188,
Narcotics Borough Bronx Command,
NEW YORK CITY POLICE OFFICER
SCOTT LIENECK, Narcotics Borough Bronx,
NEW YORK CITY POLICE DEPARTMENT
UNDERCOVER OFFICER# C0114,
Narcotics Borough Bronx,
NEW YORK CITY POLICE OFFICER
JOHN DOE, Narcotics Borough Bronx
      Defendant(s).
----------------------------------------------------------X

## PRELIMINARY STATEMENT

  1. This is a Civil Rights action in which Plaintiff, JORDAN PICKENS, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

  2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

–1–

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, JORDAN PICKENS is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant(s), NEW YORK CITY POLICE OFFICER SIMON LAINE, upon information and belief of Narcotics Borough Bronx Command, NEW YORK CITY POLICE OFFICER SCOTT LIENECK, also of Narcotics Borough Bronx Command, NEW YORK CITY POLICE UNDERCOVER OFFICER # C0114, and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, are, and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  The

Defendant(s), NEW YORK CITY POLICE OFFICERS LAINE, LIENECK, UNDERCOVER # C0114, and DOE are sued individually and in their official capacity.  At all times relevant, Defendant(s), NEW YORK CITY POLICE OFFICERS LAINE, LIENECK, UNDEROVER # C0114, and DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendant(s), NEW YORK CITY POLICE OFFICERS LAINE, LIENECK, UNDERCOVER # C0114  and DOE, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT and the named Defendant NEW YORK CITY POLICE OFFICERS..

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a

municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

11. On August 3, 2014 at approximately 2:00 a.m. the Plaintiff was working at his place of employment, a store named Candy Plaza, located at 937 East 172nd Street, in Bronx County, when he was approached by two individuals, one of whom was walking with a cane, (hereinafter identified as named Defendant NEW YORK CITY POLICE DEPARTMENT UNDERCOVER OFFICER SHIELD # C0114). Named Defendant NEW YOR CITY POLICE DEPARTMENT UNDERCOVER OFFICER # C0114 and the other individual proceeded to ask the Plaintiff, who was in the process of setting up for his work shift, if he knew where they knew where they could purchase "sour" which, upon information and belief, is a type of Marijuana. The Plaintiff said he did not, and asked the person next to Plaintiff, and individual known to the Plaintiff as Dennis, stating in sum and substance: "you don't know anyone, right?" The Plaintiff then went inside the store and proceeded to continue setting up for work, leaving Dennis with named Defendant, NEW YORK CITY POLICE DEPARTMENT UNDERCOVER OFFICER # C0114 and the other individual outside to the store. As the Plaintiff went in the store he overheard Dennis state to named Defendant NEW YORK CITY POLICE DEPARTMENT UNDERCOVER OFFICER # C0114 and the other individual, in sum and substance" "I have regular if you want." A few minutes later named Defendant NEW YORK CITY POLICE DEPARTMENT UNDERCOVER # 0240 reentered the Plaintiff's place of employment and purchased an

Arizona Iced Tea and another item, using a $20.00 bill. The Plaintiff proceeded to give named Defendant NEW YORK CITY POLICE DEPARTMENT UNDERCOVER # 0240 $18.00 in change. A short while after named Defendant NEW YORK CITY POLICE DEPARTMENT UNDERCOVER # C0114 left the store, named Defendants, NEW YORK CITY POLICE OFFICERS SIMON LAINE and SCOTT LIENECK entered the store along with several other members of THE NEW YORK CITY POLICE DEPARTMENT. One of the named Defendant Officers showed the Plaintiff his badge and proceeded to state in sum and substance, "it smells like weed in here." The Plaintiff was taken out of the store by named Defendant NEW YORK CITY POLICE OFFICERS SIMON LAINE and SCOTT LIENECK and subjected to a search of his physical person by members of the NEW YORK CITY POLICE DEPARTMENT, including the named Defendant Officers. The Plaintiff was subsequently handcuffed and transported to a local police precinct, where he was subjected to another physical search of his person by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was thereafter transported to Central Booking located in Bronx Criminal Court, where he was subjected to yet another search of his physical person by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was subsequently arraigned upon a Criminal Court complaint levied by named Defendants NEW YORK CITY POLICE OFFICER SIMON LAINE, and NEW YORK CITY POLICE DEPARTMENT UNDERCOVER # C0114, charging the Plaintiff with violating New York Penal State Penal Law Section 221.40 (Criminal Possession of Marijuana in the Fourth Degree), which complaint was without basis in law or fact. The Plaintiff was not released from the custody of THE NEW YORK CITY POLICE

DEPARTMENT until the afternoon of August 4, 2014.  Subsequently, after the Plaintiff's arrest he was informed by his employer that members of THE NEW YORK CITY POLICE DEPARTMENT, herein identified as named Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, visited the Plaintiff's place of employment and informed the Plaintiff's employer that the store "would be shut down because he had drug dealers working there".  As a result of the false allegations made by Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, causing the Plaintiff's employer to reduce Plaintiff's work hours by approximately twenty eight hours each week, and eventually causing Plaintiff's employer to transfer Plaintiff to another location, causing the Plaintiff considerable embarrassment and public humiliation.  The criminal case levied against the Plaintiff by Defendant NEW YORK CITY POLICE OFFICER SIMON LAINE and NEW YORK CITY POLICE DEPARTMENT UNDERCOVER C0114, upon a complaint filed by THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE was ultimately dismissed and sealed on or about August 3, 2015.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendment to the United States Constitution-False Arrest**

12.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER SIMON LAINE acting under color of State Law, violated section 42 U.S.C. 1983 by

unlawfully, arresting, and physically searching Plaintiff, without probable cause.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER SIMON LAINE, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

15. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. That upon information and belief the actions of Defendant(s) NEW YORK CITY POLICE OFFICER SCOTT LIENECK, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting and searching the Plaintiff without lawful reason or cause.

18. That the actions of Defendant(s) NEW YORK CITY POLICE OFFICER SCOTT LIENECK occurred in and during the functions and scope of his duties as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Unlawful Search**

19. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. That upon information and belief, the actions of Defendant NEW YORK CITY POLICE OFFICER SCOTT LIENECK, acting under color of State law, violated 42 U.S.C. 1983 by unlawfully searching the Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH FEDERAL CAUSE OF ACTION

**Violation of Rights Secured by the fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

21. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That upon information and belief, the actions of Defendant NEW YORK CITY POLICE UNDERCOVER OFFICER # C0114, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully causing the arrest of Plaintiff, without lawful reason or cause.

23. That the actions of Defendant(s), NEW YORK CITY POLICE DEPARTMENT UNDERCOVER OFFICER # C0114 occurred in and during the functions and scope of his duties as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH FEDERAL CAUSE OF ACTION

**Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution- Due Process Violations**

24. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Three (23) as if fully set forth herein.

25. That upon information and belief, the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, acting under color of Stat e Law, violated Section 42 U.S.C. 1983 by unlawfully entering Plaintiff's place of employment and informing Plaintiff's employer that the establishment would be closed down, without due process, if Plaintiff continued to be employed at the establishment.

26. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE Occurred in and during the function and scope of his duties as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### FIRST STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28.. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant(s) NEW YORK CITY POLICE OFFICER SIMON LAINE, resulted in the false arrest, detention, photographs, and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SECOND STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER SIMON LAINE resulted in the intentional infliction of emotional distress of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

31. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER SCOTT LIENECK resulted in the disruption of Plaintiff's employment, resulting in the infliction of financial loss and emotional distress to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully stated herein.

33. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE which resulted in the loss of employment of Plaintiff, causing the Plaintiff to suffer the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIFTH STATE LAW CLAIM

34. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Three (33) as if fully stated herein.

35. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER SIMON LAINE which resulted in the false arrest, searches and loss of employment by Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant(s) New York City Police Officers SIMON LAINE,

SCOTT LIENECK and JOHN DOE.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 9, 2015

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com